UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **KELLEY M. WOFFORD** | **CIVIL ACTION NO. 15-2563** |
| **VERSUS** | **JUDGE ELIZABETH ERNY FOOTE** |
| **BROOKSHIRE GROCERY COMPANY** | **MAGISTRATE JUDGE HORNSBY** |

### MEMORANDUM RULING

Now before the Court is the Motion for Summary Judgment [Record Document 13] filed by Defendant Brookshire Grocery Company ("Brookshire"). The motion seeks dismissal with prejudice of Plaintiff Kelley M. Wofford's ("Wofford") claims pursuant to Federal Rule of Civil Procedure 56. Wofford, presently before the Court *pro se*, has failed to respond to Brookshire's motion. For the reasons stated below, Brookshire's motion is **GRANTED**. Wofford's claims are **DISMISSED WITH PREJUDICE**.

I.  **Factual and Procedural Background**

Wofford alleges that on August 19, 2015, while he was at a Brookshire's store in Shreveport, Louisiana, he slipped on a grape that was lying in a puddle of water, causing him to fall down and strike his head. Record Document 1-1, p. 5. The injuries he claims he suffered as a consequence of the fall were a concussion, "subdural bleeding and other injuries to the brain, resulting continuous headaches, dizziness and vomiting." Id. Wofford asserts that his injuries were caused by the "fault and negligence" of Brookshire. Id. at 4. Particularly, Wofford states that Brookshire's

employee dropped the grape and water Wofford slipped upon, thus creating an unreasonably dangerous condition, and that the dangerous condition was the cause of Wofford's injuries. Id.

On November 09, 2015, Wofford's attorney moved to withdraw from the case. Record Document 8. That motion was granted on November 10, 2015. Record Document 9. Wofford was encouraged to retain new counsel and ordered to either retain new counsel by December 10, 2015 or to file with the Court a written statement that he intends to represent himself. Id. On December 9, 2015, Wofford responded, indicating that he intended to represent himself for the remainder of this litigation. Record Document 11. The Court issued a deadline of April 1, 2016 by which discovery was to take place and a deadline of April 11, 2016 by which any dispositive motions were to be filed. Record Document 12. On April 4, 2016, Brookshire filed the instant Motion for Summary Judgment. Record Document 13.

Brookshire states that Wofford's claims are governed by the Louisiana Merchant Liability Statute ("LMLS"), La. R.S. 9:2800.6. Record Document 13-3, p. 1. Wofford acknowledges in his state court petition that LMLS applies to the instant case. Record Document 1-1, p. 4. Brookshire's motion asserts that Wofford has failed to satisfy the elements necessary for a LMLS claim. Id. at 1–2; see La. R.S. 9:2800.6(B). Therefore, according to Brookshire, Wofford has not shown that there is a genuine issue for trial and summary judgment should be entered, dismissing Wofford's claims.

## II. Motion for Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions and affidavits filed with the Court after an appropriate time for discovery demonstrate that a party who will bear the burden of proof at trial has failed to make a showing sufficient to establish the existence of an element essential to that party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. See id. at 322-323.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact with the motion for summary judgment, the nonmovant must demonstrate that there is, in fact, a genuine issue for dispute at trial by going "beyond the pleadings" and designating specific facts for support. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,'" by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio

---

[1] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

Corp., 475 U.S. 574, 586 (1986)). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985) (internal citations omitted); Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986) (the court must "review the facts drawing all inferences most favorable to the party opposing the motion"). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so weak and tenuous that it could not support a judgment in the nonmovant's favor. Little, 37 F.3d at 1075.

Additionally, Local Rule 56.1 requires Brookshire to file a "statement of the material facts as to which [it] contends there is no genuine issue to be tried." In response, pursuant to Local Rule 56.2, Wofford must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required under Local Rule 56.1 "will be deemed admitted, for purposes of the motion, unless controverted" by the statement required of Wofford by Local Rule 56.2.

Brookshire filed with the present motion a statement of material facts indicating that Wofford has failed to come forward with any evidence to demonstrate "that Brookshire had notice of any dangerous condition on the floor prior to his fall." Record Document 13-2, p. 2. Wofford has not responded to the motion. This failure to respond cannot alone be the justification for the Court to grant Defendant's motion.

The Court may only grant summary judgment "if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(3). However, because Wofford did not file an opposition and statement of material facts to the instant motion, the statement of material facts submitted by Brookshire is deemed admitted for purposes of the instant motion pursuant to Local Rule 56.2.

### III. Law and Analysis

This personal injury suit arises under Louisiana law. Record Document 1-1, p. 4. The LMLS applies to negligence claims against merchants. La. R.S. 9:2800.6. Wofford's "slip and fall" claims are negligence claims covered by the LMLS. See, e.g., Edwards v. Dolgencorp, LLC, 15-0850, *2 (La. App. 1 Cir. 12/23/15), 2015 WL 9436149. Brookshire is a merchant because it is "one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business." La. R.S. 9:2800.6. Wofford himself states in his petition that the LMLS applies. Record Document 1-1, p. 4.

> Under the LMLS, the plaintiff must show the following three elements:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B). All of the elements listed in the LMLS must be satisfied in order

to impose liability upon the merchant. Id.; see Gregory v. Brookshire Grocery Co., 45,070 (La. App. 2 Cir. 4/21/10), 35 So. 3d 458, 461.

As Brookshire's motion correctly points outs, no evidence has been submitted to the Court to support a finding that Brookshire "created or had actual or constructive notice of the condition which caused the damage." Record Document 13-3, pp. 3–5.[2] Because there is no genuine dispute of material fact as to the existence of that essential element of Wofford's claims against Brookshire, Wofford's claims must be dismissed.

## IV. Conclusion

For the foregoing reasons, the Motion for Summary Judgment [Record Document 13] is **GRANTED**. **IT IS ORDERED** that Wofford's claims be **DISMISSED WITH PREJUDICE**.

A judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on the 30th day of June, 2016.

_____
Elizabeth Erny Foote
United States District Judge

---

[2] Brookshire states in its Statement of Uncontested Material Facts that Wofford has failed to respond to written discovery on two occasions and that no discovery has been conducted, though the April 1, 2016 deadline has passed. Record Document 13-2, p. 2; Record Document 12.